## COVAR v. SALLAT.

1. An exception alleging error in overruling the exceptions to a referee's report, and an exception in general terms containing no distinct legal proposition, not considered because in conflict with the requirements of Rule V.
2. Findings of fact by referee, concurred in by the Circuit judge, not disturbed, especially as the judgment was not based thereon.
3. Costs in equity causes are at the discretion of the Circuit judge, and his ruling will rarely be disturbed.

4. Petition for rehearing granted, certain exceptions, misplaced and not properly entitled, having been overlooked.
5. Where an appeal was suspended so that appellant might move on Circuit for a new trial upon one of the issues involved, the result of which was to be certified to this court, until such certificate is furnished the appeal cannot be heard on its merits.

Before ALDRICH, J., Aiken, September, 1883.

The opinion sufficiently states the case.    The decree of the Circuit judge was as follows :

The complaint was filed for the foreclosure of a mortgage, and referred to Mr. James Aldrich to hear and determine the issues of law and fact.    Proceedings were had in the Ordinary's Court to sell the lots described in the pleadings for partition and to pay outstanding debts.    On March 2, 1868, the land was sold and the defendant became the purchaser of the lots, made the cash payment, and gave his bond and mortgage to secure the same. The lots sold for $355.    There was a credit on the bond which reduced it to $285.20, and the referee finds that the defendant paid $432 of debts.    In June, 1872, a suit was commenced in Edgefield, in the name of Turner, ex-judge of probate, to foreclose this identical mortgage.

The referee finds as facts : 1.  That the bond and mortgage are satisfied.    2.  That there was another case pending between the same parties, for the same cause of action, in Edgefield County. His conclusions of law are : 1.  That the bond and mortgage are satisfied, and plaintiff has no cause of action.    2.  That the action in Edgefield is a bar to this action.

It is not my purpose, nor is it necessary, to travel over the wide range of argument indulged in by the counsel who represent the plaintiffs.    The findings of fact by the referee, like the verdict of a jury, will generally control the court, unless the same be unsupported by the evidence, or against the weight of the evidence.    In this case, the referee is a leading member of the bar, highly trusted and esteemed for his learning and probity. He had the witnesses before him, and is the best judge of the confidence to be placed in their statements.    After a careful examination of all the evidence, he has come to the deliberate con-

clusion that the bond has been paid and the mortgage satisfied. He is also satisfied that there is an action pending in Edgefield, which is a bar to this action. The plaintiffs connot complain of this finding, for they introduced the testimony which led the referee to this conclusion.

Great stress is laid on the fact that the officer, Durisoe, to whom this bond and mortgage was given, was out of office, and had no right to make the settlement, the records and papers of his office by law being required to be transferred to his successor. But it is worthy of consideration that this transaction took place soon after the corrupt government of 1868 went into operation ; that there was great doubt in the minds of office-holders what was the best course to pursue in regard to the bonds and mortgages in their custody, and which they held for the benefit of widows, orphans, and other persons entitled to the proceeds of sales made by them in the discharge of their official duties. Turner, the successor of Durisoe, was a man of very unsavory character, and, it may be, he held the valuable securities in his possession until he would be protected, by an order of court, in paying them over. Be that as it may, however, he made the sale, the defendant gave to him the bond and mortgage, and it was very natural for him to make the settlement with the man who held the custody of the securities.

There is another consideration which doubtless had its weight with the referee. This sale was made in 1868. The action to foreclose was not brought for several years after. The parties for whose benefit the action is brought stood by, saw this purchaser improve the property, sell off a portion of it to innocent purchasers for value, and, so far as the court can see, never uttered a word or made the first assertion of property. I do not see or appreciate the superior equity claimed for them. The object of this court is to do exact justice. The defendant, according to the findings, has paid out a considerable sum of money, more than he contracted to pay for the lots, has made a settlement with the man who had his papers, who promised to send them to him, and now it is argued, you must lose the property as well as the money.

The exceptions are overruled and the report of the referee confirmed. Let the complaint be dismissed with costs.

*Messrs. Bonham & Devore, P. A. Emanuel,* for appellant.

No counsel contra.

February 27, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This action was brought origi-·· nally by Lycurgus Charlton, as judge of probate for Edgefield County, to foreclose the mortgage .mentioned in the complaint, and for judgment upon the residue of the bond, secured by said mortgage. This bond and mortgage had been executed by the defendant, Sallat, in 1868, to W. F. Durisoe, the then ordinary for Edgefield, in the purchase of certain lots of land situate in Hamburg, sold by the said ordinary as the property of one Gray, deceased.

Before the trial Charlton was succeeded by L. P. Covar, as probate judge, and the defendants, Laurence and Williams, having purchased portions of the land, the complaint was amended by substituting Covar as plaintiff, and making Laurence and Williams defendants with Sallat. These defendants all answered, Sallat separately, and the other two together. The defence set up was the same in both answers, *i. e.*, that the bond had been paid, and that the plaintiff, Covar, judge of probate, was not the lawful owner and holder of the bond and mortgage, and therefore could not maintain the action. Laurence and Williams also claimed that Sallat was the owner of a separate tract of land from them, of value sufficient to pay the bond, if not already paid, which should first be exhausted.

The case was tried by James Aldrich, Esq., to whom, as referee, the issues of law and fact had been referred by order of the court. At the close of the testimony on both sides, the referee allowed the answers to be amended, so as to conform to the evidence submitted by the plaintiff, as follows: "That the plaintiff cannot maintain this action, because an action is pending upon the same cause of action set forth in the complaint in the Court of Common Pleas for Edgefield County, between the prede-

cessor of the plaintiff, as probate judge, and the defendant." It may be stated here, that at the time the land was sold to Sallat in 1868, Hamburg was in Edgefield County; since then Aiken has been laid of, embracing Hamburg, hence the action below was brought in Aiken County.

The referee, after full hearing, found and reported as matters of fact: "1. That the bond and mortgage are satisfied. 2. That there was another case pending between the same parties, and for the same cause of action in Edgefield County." And as conclusions of law: "1. That the bond and mortgage being satisfied, the plaintiff has no cause of action. 2. That the action in Edgefield is a bar to this action." Wherefore he ordered and adjudged that the complaint be dismissed, and that the plaintiff pay the costs. To this report the plaintiff filed exceptions and gave notice of an appeal, with further notice that he would at the next term of the Court of Common Pleas for Aiken, move to set aside the report, or have the same modified, and for such relief as may be proper.

In the mean time Covar having ceased to be probate judge, his honor, Judge A. P. Aldrich, before whom the report and exceptions came on for hearing on the 16th September, 1882, passed an order that "W. F. Roath, his successor, be made a party to this action as plaintiff; and that the said Roath, as probate judge, be empowered to act as plaintiff, and that the action stand revived, and is hereby continued." This order was preceded by a statement, that as Covar became entitled to the control of said bond and mortgage, as successor to Durisoe, so Roath, as the successor of Covar, had become entitled to the custody and ownership thereof; and in order that the appeal of Covar should be heard, and otherwise that justice should be done, therefore the order was passed.

On the hearing, Judge Aldrich overruled the exceptions, confirmed the report of the referee, and dismissed the complaint with costs. The plaintiff has appealed upon the grounds following: "1. That his honor erred in overruling the exceptions to the report of the referee, James Aldrich, Esq. 2. That his honor erred in his conclusions of fact, wherein he says that the parties for whose benefit the action is brought, have been guilty

of *laches* in permitting the mortgagor to improve and sell off the same without asserting their rights. The defendant, according to the findings, has paid out a considerable sum of money, more than he contracted to pay for the lots, has made a settlement with the man who had his papers, who promised to send them to him, and now it is argued, you must lose the property as well as the money. 3. That his honor has erred in discharging the complaint, with costs, inasmuch as the plaintiff has honestly striven to do his duty; and to be deprived of the funds with which to perform it, and subjecting him to costs, under the circumstances will deter any officer from performing his duties. 4. That the plaintiff appeals from his honor's decree in this case, inasmuch as it is void, for W. F. Roath was substituted as plaintiff in the place of Covar, and such a judgment is void for uncertainty, for Covar is dead as to this action, and no judgment could be rendered against him. 5. The plaintiff excepts to each and every conclusion of law and fact herein, because contrary to law and the evidence."

Rule V., of this court, concludes as follows: "*Exception to decree.* An exception for the purpose of an appeal must contain a statement of the proposition of the law or fact which it is desired to review, and a mere reference to an exception taken to the report of the master or a referee, or to the decree of a judge of probate, will not be sufficient, and an exception so taken will not be considered." Exceptions in the words, that the verdict or decree is contrary to the law and the evidence, or that his honor erred throughout his whole charge, thereby causing the jury to bring in a verdict contrary to the law and the evidence, are too general and indefinite, charging no specific error, and will not be considered. *State* v. *Branham*, 13 *S. C.*, 369; *Norton* v. *Livingston*, 14 *Id.*, 177. All exceptions should distinctly state the error complained of. *Blake* v. *Deliesseline*, 4 *McCord*, 496; *Shand's Manual*, 53.

The first exception of appellant is in direct conflict with the latter part of rule V., above—in fact of the entire rule—as it contains no proposition of law or fact for review, and it merely refers to exceptions taken to the master's report in gross, eight

in number.[1]    Exception 5 is also in violation of the above rule, in that it contains no distinct legal proposition, which appellant seeks to have reviewed.    At the same time it is obnoxious to the rulings in the cases referred to, *supra*, because too general and indefinite, and charging no specific error.

Exception 2 imputes error to some of the findings of fact of his honor.  We cannot say that this exception is well taken under the rule well established here in such matters, that the findings of fact by the Circuit Judge, especially when he has concurred with the referee, will not be disturbed unless such finding is patently unsustained.    Besides, it is manifest from reading the decree, that the findings of fact referred to had but little influence in producing the judgment.    That was founded upon other considerations, and these facts seemed to have been alluded to by the judge as merely supplemental.

Exception 3 is in reference to the costs.    Under the fee bill costs in equity causes is a matter for the judge pronouncing the decree, and this court rarely disturbs his order in that respect. Code, § 323.

We do not know that we fully understand the 4th exception. It claims that the decree is void for uncertainty, giving as a reason that Roath having been substituted for Covar as plaintiff, and Covar being "dead as to this action," no judgment can be entered up against him.  We do not see the uncertainty complained of by the appellant in the decree.    It is certainly quite plain in its conclusion, where the judge announces the result of his findings of law and fact by overruling the exceptions, confirming the report, and dismissing the complaint with costs.    The defendant has not complained of any uncertainty as to the party from whom he is to get his costs.    The decree is in his favor, and if he is willing to abide it in the shape in which it has been left, why should the plaintiff seek to protect him?

We have declined, with some reluctance, to consider the questions sought to be raised in exceptions 1 and 5 under our rule and the cases referred to above, but the strict observance of the requirements of that rule, and of the principles laid down in the decisions above by the profession, would contribute greatly

---

[1] See order for rehearing at the foot of this opinion, next page.

not only to the satisfactory discharge of its duties by this court, but to the interests of litigants, in having their rights fully and thoroughly considered and adjudicated. And inasmuch as most of the questions attempted to be raised by reference to the exceptions to the referee's report are questions of fact, which, under the rule governing this court as to such questions, we could hardly disturb, we have thought that this would be a good case in which to call to the attention of the profession the necessity of observing said rule V. of this court.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.

The appellant filed a petition for rehearing upon the ground that the exceptions to the referee's report had been added in detail to his first exception by special permission of this court.

April 28, 1885. The following order was passed

PER CURIAM. We have examined the petition for a rehearing in this case, and finding that it is true, as alleged, that the court did overlook some of the exceptions which the appellant had been allowed to add, by way of amendment to those originally filed, we think a *prima facie* case for a rehearing has been made.

It is proper, however, to explain how it happened that the oversight occurred. At November term, 1883, when the case was first called for argument, the appellant desired the court to suspend the appeal, so far as it related to the question of payment of the bond sued upon, and proceed to hear and determine the appeal so far as it related to the question whether the present action was barred by a former pending suit. This the court declined to do, but did grant an order, on January 26, 1883, continuing the case and suspending the appeal, with leave to the appellant to apply to the Circuit Court for a new trial of the question of payment of the bond on the ground of after-discovered evidence. The case was then continued from term to term until December 11, 1884.

In the meantime, however, the counsel for appellant had obtained leave to amend the exceptions originally filed so as to conform to the requirements of rule V. of this court, but the

counsel failed to put the order granting such leave in writing, and there being no record of the same, and the amended exceptions having been appended to the argument of appellant's counsel, without any reference to such amendment being noted at that portion of the brief, where they would most naturally be expected to be found, such amendments were overlooked when the court came to consider the case after the argument.

We desire also to add that when the case was argued at the last term the court lost sight of the fact that, nearly two years before, an order had been passed suspending the appeal and granting leave to the appellant to apply to the Circuit Court for a new trial of the issue of payment, on the ground of after-discovered evidence, and requiring that the result of such application should be certified to this court; and the counsel did not bring to the attention of the court the fact that such an order had been granted, as should have been done, inasmuch as if this fact had been brought to the attention of the court, it is manifest, from the ruling of the court when the original application to suspend the appeal as to one point in the case was made, the appeal could not then have been heard. The order of January 26, 1883, hereinbefore referred to, having expressly required that the result of the application to the Circuit Court should be certified to this court, and no such certificate having yet been filed in this court, the case is not yet in a condition to be heard on its merits. It is true that a certified copy of Judge Kershaw's order granting a new trial of the issue of payment has been filed in this court, but whether such new trial has been had and if so what was the result this court is not yet informed, either by certificate from the Circuit Court, as required by the order of January 26, 1883, or otherwise.

It is therefore ordered that the petition for rehearing be set down for argument on the first day assigned for the hearing of cases from the Second Circuit at the next term of this court.